*Brown & Chelf, for appellant.*
*James Montgomery, M. H. Marriott, for appellee.*

---

## JAMES C. RUDD AND WIFE *v.* J. F. KIMBLY, ET AL.

**Usury—Forfeiture.**
> Chapter 60 of the General Statutes, § 4, art. 2, provides that where usury is intentionally charged, the whole of the interest is forfeited.

**Penalty for Exacting Usurious Interest.**
> The party desiring to have interest forfeited where usury is charged, must aver affirmatively that the illegal interest was intentionally charged and must sustain his averment by proof.

### APPEAL FROM DAVIESS CIRCUIT COURT.

November 3, 1876.

OPINION BY JUDGE LINDSAY:

Section 4, Art. 2, Chap. 60, Gen. Stats., provides that if any person shall intentionally charge a greater rate of interest for the loan or forbearance of money than is authorized by said article, the whole interest shall be forfeited.

The party who desires the benefit of this forfeiture must ask for it. He must aver affirmatively that the illegal interest was intention-· ally charged, and an issue of fact may be raised upon the question of intention. The court will not assume that illegal interest was intentionally charged, and then upon its own motion enforce a forfeiture in favor of a party not asking for any such relief.

The chancellor, having no legal right to render a judgment for usurious interest, will purge a claim sued on, when it appears upon its face to embrace usury. But he will not, unless the pleadings require it, inquire as to the propriety of inflicting a penalty upon the creditor. When this cause returns to the circuit court, application upon the part of the appellants for leave to plead further will be addressed to the sound legal discretion of the chancellor, and this court will not interfere with the exercise of that discretion, by directing specifically the steps he should allow the parties to take in the way of further preparation.

Kimbly's branch of the case was ready for hearing when the final judgment, fixing the amount of the claim for which Mrs. Rudd's land is bound to him, was rendered. The bank's case was also ready for hearing. The reversal of the judgment in favor of the bank renders necessary the reversal of the judgment in favor of Kimbly, and compels him to await the action of the chancellor in the enforcement of the bank's mortgage. But as Mrs. Rudd withdrew her answer, and as there is now no issue of fact pending between her and Kimbly, we do not think that equity practice requires that the questions settled shall be opened in order first to let Mrs. Rudd answer, and then to make preparation to sustain her defense.

Petitions in each of these cases *overruled*.